**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NUR TALANT UULU,

                          Plaintiff,

-against-

ARTISANS OF MEDICINE-NYC P.C. d/b/a RJ MEDICAL & URGENT CARE, R. JOUDEH MEDICAL PAVILION PLLC, RAMSEY JOUDEH, AND DOES 1-10,

                          Defendants.

Case No.:

**COMPLAINT**

Plaintiff, NUR TALANT UULU, by and through his undersigned attorneys hereby alleges as and for his Complaint against Defendants as follows:

## PARTIES

1. Plaintiff NUR TALANT UULU is an individual residing in Brooklyn, New York, and at all relevant times was covered employee within the meaning of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Upon information and belief, Defendant ARTISANS OF MEDICINE-NYC P.C., d/b/a RJ MEDICAL & URGENT CARE (hereinafter "RJ Medical") was and is a domestic professional corporation whose principal place of business is located at 466 Bay Ridge Avenue, Brooklyn, New York 11220.

3. Upon information and belief, at all relevant times RJ Medical's annual gross receipts were not less than $500,000.00 and/or it engaged in interstate commerce.

4. Upon information and belief, Defendant R. JOUDEH MEDICAL PAVILION PLLC (hereinafter "R. Joudeh Medical") was and is a domestic professional service limited

1

liability company whose principal place of business is located at 466 Bay Ridge Avenue, Brooklyn, New York 11220.

5. Upon information and belief, at all relevant times R. Joudeh Medical's annual gross receipts were not less than $500,000.00 and/or it engaged in interstate commerce.

6. Upon information and belief, Defendant RAMSEY JOUDEH (hereinafter "Dr. Joudeh") is an individual whose actual place of business is located at 466 Bay Ridge Avenue, Brooklyn, New York 11220.

7. Upon information and belief, Does 1 through 10 are owners, principals, officers and/or managers of Defendant RJ Medical.

8. Upon information and belief, at all relevant times, Defendant Dr. Joudeh is the sole member of and served as a principal, officer and/or manager of Defendant RJ Medical AND Defendant R. Joudeh Medical.

9. At all relevant times, Defendants were covered employers within the meaning of the FLSA and the NYLL and at all relevant times employed and/or jointly employed Plaintiff.

## JURISDICTION AND VENUE

10. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the New York Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

11. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and/or (b)(2), insofar as a substantial part of the

events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

12. Defendants owned and/or operated at all relevant times an urgent care medical facility located in Brooklyn, New York.

13. Plaintiff was employed by Defendants to work as a front desk receptionist at their facility from on or about November 18, 2020 through February 19, 2021 and regularly worked from Monday to Friday.

14. Defendants agreed to pay Plaintiff regular wages of $15/hour during 2020 and $16/hour in 2021.

15. During that time, Plaintiff worked for Defendants for the following number of hours:

 (a) On November 18, 2020, Plaintiff worked not less than 4 hours;

 (b) During the week of November 23, 2020, Plaintiff worked not less than 32.65 hours, including at least 10.15 hours on November 25, 2020.

 (c) During the week of November 30, 2020, Plaintiff worked not less than 38 hours.

 (d) During the week of December 14, 2020, Plaintiff worked not less than 38 hours.

 (e) During the week of December 21, 2020, Plaintiff worked not less than 35.5 hours, including at least 10.5 hours on December 25, 2020.

 (f) During the week of December 28, 2020, Plaintiff worked not less than 31.4 hours.

 (g) During the week of January 4, 2021, Plaintiff worked not less than 45.75 hours.

  (h) During the week of January 11, 2021, Plaintiff worked not less than 41.75 hours.

  (i) During the week of January 18, 2021, Plaintiff worked 17.75 hours.

  (j) During the week of January 25, 2021, Plaintiff worked not less than 48.5 hours, including at least 10.25 hours on January 26, 2021, and at least 11.25 hours on January 29, 2021.

  (k) During the week of February 2, 2021, Plaintiff worked not less than 36 hours.

  (l) During the week of February 8, 2021, Plaintiff worked not less than 46.75 hours, including at least 10.25 hours on February 8, 2021, and at least 11.5 hours on February 12, 2021.

  (m) During the week of February 15, 2021, Plaintiff worked at least 41 hours.

16. In total, Plaintiff worked for Defendants not less than 179.55 hours in 2020 and not less than 277.5 hours in 2021, totaling at least 457.05 hours, which include at least 23.75 hours of overtime worked in 2021.

17. However, Defendants did not pay Plaintiff anything for his work during the entire time Defendants employed him.

18. In or about late July 2021, more than five months after Plaintiff stopped working for Defendants, Defendants sent Plaintiff a check for $3,887.17.

19. Plaintiff did not receive the statutorily required minimum wage.

20. Plaintiff did not receive the statutorily required wages for the overtime hours he worked in excess of 40 per week.

21. Plaintiff was not compensated an additional hour's pay at the prevailing State

minimum wage for spread of hours.

22. Defendants have not kept accurate records of wages earned, or of hours worked, by Plaintiff.

23. Defendants failed to furnish Plaintiff with annual wage notices, as required by the NYLL.

24. Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act - Minimum Wage

25. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

26. Upon information and belief, at all relevant times, each Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of 29 U.S.C. §§ 201, *et seq.*

27. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 201, *et seq.*

28. At all relevant times, Defendants have been employers of Plaintiff and engaged employees in commerce within the meaning of 29 U.S.C. §§ 201, *et seq.*

29. Defendants knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage as required by the FLSA.

30. As a result of Defendants' violations of the FLSA, Plaintiff has been damaged in an amount to be proven at trial, as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Fair Labor Standards Act - Overtime**

31. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

32. At relevant times during his employment by Defendants, Plaintiff worked in excess of forty (40) hours per workweek.

33. Defendants failed to pay Plaintiff overtime wages to which he was entitled under the FLSA.

34. Defendants failed to pay Plaintiff overtime wages at a rate of time and one-half his regular hourly wage rate for all hours worked in excess of 40 per workweek.

35. Defendants' violations of the FLSA were made knowingly and willfully.

36. As a result of Defendants' violations of the FLSA, Plaintiff has been damaged in an amount to be proven at trial, as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
**New York Labor Law – Minimum Wage**

37. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

38. At all relevant times, Defendants have been employers of Plaintiff within the meaning of the NYLL.

39. Defendants knowingly and willfully violated NYLL, Article 19, §§ 650 *et seq*., and supporting regulations, by failing to pay Plaintiff the applicable minimum wage as required by the NYLL.

40. As a result of Defendants' violations of the NYLL, Plaintiff has been damaged in

an amount to be proven at trial, as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL.

### FOURTH CAUSE OF ACTION
### New York Labor Law - Overtime

41. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

42. At all relevant times, Defendants have been employers of Plaintiff within the meaning of the NYLL.

43. Defendants knowingly and willfully violated NYLL, Article 19, §§ 650 *et seq.*, and supporting regulations, by failing to pay Plaintiff the overtime compensation as required by the NYLL for all hours worked in excess of 40 per workweek.

44. As a result of Defendants' violations of the FLSA, Plaintiff has been damaged in an amount to be proven at trial, as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours

45. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

46. Defendants knowingly and willfully violated Articles 6 & 19 of the NYLL, and the supporting regulations, including, 12 NYCRR § 142-2.4, by failing to pay Plaintiff one additional hour of pay at the prevailing minimum wage for each day during which Plaintiff worked for more than 10 hours.

47. As a result of Defendants' violations of the NYLL, Plaintiff has been damaged in an amount to be proven at trial, as well as liquidated damages, prejudgment interest, attorneys'

fees, costs, and other compensation pursuant to the NYLL.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Wage Notice Claim

48. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

49. Defendants knowingly and willfully failed to furnish to Plaintiff in writing, at the time of hiring, a notice containing with every payment of wages a wage statement including: the rate or rates of pay, including overtime rate of pay, the official name of the employer and any other names used for business (DBA), phone number of employer; correct minimum wage; and the proper overtime rate, and the address and phone number of the employer's main office or principal location, as required by NYLL, Article 6, § 195(1).

50. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a proper wage statement, or five thousand dollars, as well as attorneys' fees, costs, injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Wage Statement Claim

51. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

52. Defendants knowingly and willfully failed to furnish to Plaintiffs and the Class with every payment of wages a wage statement including: furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and

phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; as well as the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL, Article 6, § 195(3).

53. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with a proper wage statement, or five thousand dollars, as well as attorneys' fees, costs, injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## EIGHTH CAUSE OF ACTION
### New York Labor Law - Failure to Pay Wages Timely

54. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

55. Plaintiff worked for Defendants from on or about November 18, 2020 through February 19, 2021.

56. Defendants, however, did not make any payment of wages to Plaintiff until in or about late July 2021, more than five months after Plaintiff stopped working for Defendants, and even then Defendants did not make payment of the wages owed to Plaintiff.

57. Defendants knowingly and willfully failed to make timely payment of wages to Plaintiff, as required by NYLL, Article 6, § 191.

58. As a result of Defendants' violations of the NYLL, Plaintiff has been damaged in an amount to be proven at trial, as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL.

## NINTH CAUSE OF ACTION
### Breach of Contract

59. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

60. Plaintiff worked for Defendants from on or about November 18, 2020 through February 19, 2021.

61. Defendants promised Plaintiff that they would compensate him at a regular rate of pay of $15/hour during 2020 and $16/hour in 2021.

62. Implicit in Defendants' promise of wage compensation was that Defendants would pay Plaintiff one and a half times his regular rate of pay for any hours worked in excess of 40 hours per workweek, as required by the FLSA and the NYLL.

63. Plaintiff worked for Defendants at least 179.55 hours in 2020 and 277.5 hours in 2021, including at least 23.75 hours of overtime.

64. Defendants failed to make payment to Plaintiff of the agreed-upon wages.

65. Defendants therefore are liable to Plaintiff for breach of contract, in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### Unjust Enrichment/Quantum Meruit

66. Plaintiff hereby realleges and incorporates the foregoing paragraphs as if set forth in full herein.

67. Plaintiff, to his detriment, performed services for Defendants at Defendants' request with the reasonable expectation of receiving compensation from Defendants.

68. Defendants accepted and benefitted from Plaintiff's performance of such services.

69. It would be unjust and unconscionable to allow Defendants to retain the benefit of

Plaintiff's services without paying Plaintiff due compensation for the reasonable value of his services.

      70.    Defendants are therefore liable to Plaintiff in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays that a judgment be entered against Defendants, and each of them, as follows:

    (a)    awarding Plaintiff back pay for minimum wages due and owing;

    (b)    awarding back pay for overtime pay due and owing;

    (c)    awarding back pay for spread-of-hours due and owing;

    (d)    awarding Plaintiff liquidated damages as provided under the FLSA and NYLL;

    (e)    as a result of Defendants' willful violations of NYLL § 195(1) for failure to provide wages notices, awarding Plaintiff damages pursuant to NYLL § 198(1-b) of fifty dollars for each workday that the violations occurred or continue to occur, up to a total of five thousand dollars;

    (f)    as a result of Defendants' willful violations of NYLL § 195(3) for failure to provide wages statements, awarding Plaintiff damages pursuant to NYLL § 198(1-d) of $250.00 for each workday Defendants failed that the violations occurred or continue to occur, up to a total of five thousand dollars;

    (g)    awarding Plaintiff damages for all other compensation due and owing;

    (h)    awarding Plaintiff his reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

    (i)    awarding Plaintiff prejudgment interest, as well as his costs and disbursements;

    (j)    awarding such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 20, 2021

                                                    HUR, LASH & CHOE, LLP

                                                    By:  /s/ Robert L. Lash
                                                          Robert L. Lash
                                                          Scott K. Hur
                                           Attorneys for Plaintiff
                                           600 Sylvan Avenue, Suite 109
                                           Englewood Cliffs, NJ 07632
                                           (212) 468-5590
                                           rlash@hlnylaw.com
                                           shur@hlnylaw.com